186 N.J. Super. 174 (1982)
451 A.2d 1326
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT J. ANDERSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted August 30, 1982.
Decided September 15, 1982.
Before Judges ANTELL, PRESSLER and BRODY.
Stanley C. Van Ness, Public Defender, attorney for appellant (Sheri Woliver, Assistant Deputy Public Defender, on the letter brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Frank M. Gennaro, Deputy Attorney General, of counsel and on the brief).
*175 PER CURIAM.
N.J.S.A. 2C:14-6 requires the sentence imposed upon a defendant convicted of a second or subsequent sex offense to include a fixed minimum sentence of not less than five years during which time the defendant is ineligible for parole. That section further provides that, for purposes of this requirement, "an offense is considered a second or subsequent offense, if the actor has at any time been convicted" of a sex offense as therein defined. The question before us is whether, as a matter of legislative intent, the phrase "at any time" means a conviction previous to the commission of the subsequent offense or whether it also includes simultaneous convictions of separate offenses. We construe the statute to require, as a prerequisite to imposition of the enhanced penalty, that at the time of the commission of the subsequent offense a conviction of a sex offense must already have been entered.
On March 28, 1980, in a consolidated proceeding in Mercer County, defendant Robert J. Anderson entered pleas to nine separate indictments returned against him in three counties  five in Mercer County, two in Somerset County and one in Union County. Among the various charges were sexual offenses against three different victims. One of the Mercer County indictments charged him with three counts of aggravated sexual assault against one of the victims, a second Mercer County indictment charged him with attempted sexual assault against another of the victims, and one of the Somerset County indictments charged him with raping the third victim. He pleaded guilty to two of the aggravated sexual assaults and the attempted sexual assault charged in the Mercer County indictments and the Somerset County rape charge. He also pleaded guilty to six charges of burglary, two charges of attempted burglary, one charge of breaking and entering with intent to steal, two charges of possession of a weapon for unlawful *176 purposes, and one count of theft. A variety of related and unrelated charges was dismissed.
Following the plea proceeding defendant was examined at the Adult Diagnostic and Treatment Center (ADTC) and found to be eligible for disposition as a repetitive and compulsive sex offender. He was accordingly sentenced, in a consolidated sentencing proceeding, to an aggregate term on all offenses of 35 years to be served at ADTC. The only parole ineligibility term imposed was a five-year period pursuant to N.J.S.A. 2C:14-6. Defendant subsequently moved for reconsideration of sentence, arguing that by reason of the simultaneous conviction of the three sex offenses, he was not a second or subsequent sex offender in respect of any of them and, accordingly, the enhanced penalty provision of N.J.S.A. 2C:14-6 did not apply. The motion was denied and defendant appeals.
We recognize the possible literal ambiguity of the critical phrase "at any time." It is nevertheless clear that the import of the provision defining a second or subsequent offender addresses the fact of a prior conviction rather than the fact of a prior commission of a sex offense. Thus, as a textual proposition, in order for one to be a second or a subsequent offender, there must have been a first or earlier conviction already entered at the time the second or subsequent offense was committed. It is also clear that "first" or "earlier" conviction juxtaposed with "second" or "subsequent" offense necessarily implies a chronological sequence between the first conviction and the second offense. Thus, tautologically, an offense cannot be characterized as a second or subsequent offense unless at the time it was committed the defendant had already, i.e., previously, been convicted of another sex offense. We are, moreover, persuaded that simultaneous convictions are both technically and philosophically not fairly regardable as chronologically sequential convictions.
Our conclusion that the enhanced penalty provision of the statute does not apply to simultaneous conviction of separate *177 sex offenses does not rest on the statutory language alone. It has been the undeviating experience in this State that enhanced penalty statutes in respect of multiple convictions of crimes either expressly or by construction apply only to chronologically sequential convictions, and indeed it is arguable that that prerequisite is a matter of constitutional imperative. Compare N.J.S.A. 2C:44-3 a (sentencing of persistent offenders) and N.J.S.A. 2C:44-3 d (sentencing of second offender with a firearm). And see, construing the former Habitual Offender Act, N.J.S.A. 2A:85-12, State v. McCall, 14 N.J. 538, 548-549 (1954); In re Caruso, 10 N.J. 184, 189 (1952); State v. Harris, 97 N.J. Super. 510 (App.Div. 1967). See, also, State v. Johnson, 109 N.J. Super. 69 (App.Div. 1970), construing the enhanced penalty provision of former N.J.S.A. 24:18-47. And see N.J.S.A. 24:21-29. Cf. State v. Deckert, 69 N.J. Super. 105, 107-108 (Cty.Ct. 1961). We see no reason to depart from that construction here.
Finally, we note that the singular use of the phrase "at any time" in N.J.S.A. 2C:14-6 may be explained by comparing that section with N.J.S.A. 2C:44-3 a, the persistent offender sentencing provision which replaced former N.J.S.A. 2A:85-12. Unlike its predecessor statute, N.J.S.A. 2C:44-3 a does not define persistent offender status in terms of prior convictions which have been entered against the defendant at any previous time. Rather, it requires that there be two previous convictions of crime and that "the latest in time of the crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced. Thus, it appears that the "at any time" language of N.J.S.A. 2C:14-6 was intended to make clear that as to enhanced penalty for multiple sex crime offenders, the ten-year limitation of N.J.S.A. 2C:44-3 a is inapplicable. Thus viewed, it is evident that "at any time" was used by the Legislature to denote "at any previous time," no matter how remote that previous time was.
The order denying the motion for reconsideration is reversed and the imposition of the five-year parole ineligibility pursuant *178 to N.J.S.A. 2C:14-6 is vacated. The sentence is in all other respects affirmed. We remand to the trial court for entry of an amended judgment of conviction in accordance herewith.