STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MARKO BEY, DEFENDANT-APPELLANT.

Argued May 1, 1984—Decided June 26, 1984.

*James K. Smith, Jr.,* Deputy Public Defender, argued the cause for appellant (*Joseph H. Rodriguez,* Public Defender, attorney; *James K. Smith, Jr.* and *Judith L. Borman,* Assistant Deputy Public Defender, on the briefs).

*Alton D. Kenney,* Assistant Prosecutor, argued the cause for respondent (*John A. Kaye,* Monmouth County Prosecutor, attorney; *Paul F. Jannuzzo* and *James W. Kennedy,* Assistant Prosecutors, on the brief).

*Richard R. Shiarella,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Ir-*

*win I. Kimmelman,* Attorney General of New Jersey, attorney; *Richard R. Shiarella* and *Catherine A. Foddai,* Deputy Attorneys General, of counsel and on the brief).

PER CURIAM.

This appeal raises two issues. The first involves essentially the same issue considered today in *State v. Biegenwald,* 96 *N.J.* 630 (1984), namely, whether, during the penalty phase of a capital proceeding, the State may use as an aggravating factor, pursuant to *N.J.S.A.* 2C:11–3c(4)(a), a defendant's prior conviction for murder, when the appeal of that conviction is still pending. The second presents the question of whether a defendant in a capital case is entitled to a change of venue. For the reasons set forth in our opinion in *Biegenwald,* we reverse the ruling of the court below that would allow a prior conviction for murder still pending on direct appeal to be used as an aggravating factor in the penalty phase of this case. Further, we reverse the trial court's ruling denying defendant's motion for a change of venue and remand the matter for proceedings consistent with our holding.

I

On July 5, 1983 defendant, Marko Bey, was indicted for the April 1 or 2, 1983 murder of Cheryl Alston. That same day, defendant was indicted for the April 26, 1983 murder of Carol Peniston. On December 13, 1983, defendant was found guilty of the Alston murder, and by its special verdict the jury directed that the death penalty be imposed.

Defendant's trial on the Peniston murder is now pending before the Superior Court, Law Division, Monmouth County. On July 11, 1983 the State filed its notice of aggravating factors pursuant to *N.J.S.A.* 2C:11–3c(2), in which it indicated that, should defendant be found guilty, it intended to rely on the Alston conviction as an aggravating factor under *N.J.S.A.* 2C:11–3c(4)(a)—that "the defendant has previously been convicted of murder."

On February 17, 1984 the State filed a notice of motion for pretrial determination of the admissibility of the Alston conviction for such purposes. Defendant filed a cross-motion to dismiss the asserted aggravating factor and also filed a motion for change of venue.

These motions were heard on March 9, 1984. The trial judge ruled that the State may introduce proof of defendant's earlier but not final conviction for murder as an aggravating factor at the penalty phase of the Peniston murder trial. In addition, the court denied defendant's motion for a change of venue. On April 5, 1984, defendant filed a motion before the Superior Court, Appellate Division, requesting leave to appeal from the trial court's interlocutory orders. On the same date, the State filed a motion for leave to appeal from an interlocutory order of the trial court in *State v. Biegenwald, supra,* 96 *N.J.* 630. On April 6, 1984, this Court directly certified *State v. Bey* and *State v. Biegenwald,* granting the motions for leave to appeal "to the end that it shall be considered as an appeal pending to the Supreme Court." 96 *N.J.* 630 (1984).

## II

■ Consistent with our determination in *State v. Biegenwald, supra,* 96 *N.J.* 630, we reverse that portion of the lower court's ruling that would permit the State to use defendant's prior conviction as an aggravating factor in the penalty phase of this capital proceeding when all avenues of direct appellate review of that conviction have not yet been exhausted.

In this case defendant raises the additional argument that for purposes of *N.J.S.A.* 2C:11–3c(4)(a), his earlier conviction must have been entered prior to the commission of the instant offense. Hence, it is argued, Marko Bey's conviction for the murder of Alston, entered on December 13, 1983, did not exist at the time that the murder in the present case was alleged to have taken place, namely, April 26, 1983, and cannot therefore be introduced as an aggravating factor. Defendant maintains that the trial court's finding that "previously convicted" does

not require the previous conviction to have occurred prior to the commission of the offense being tried creates the anomalous situation in which the Legislature is considered to have decided that a contemporaneous murder is not an aggravating factor, while a murder previously committed within a relatively short period of time can constitute an aggravating factor.

■ We find no legislative history, decisional law, or policy considerations to recommend defendant's interpretation. We are satisfied that the status of the prior conviction at the time of its intended use—the penalty phase of the subsequent murder prosecution—is determinative. The relevance of such a conviction, duly authenticated by finality, inheres in the fact that the conviction has occurred prior to the jury's consideration of the appropriate penalty to be imposed. Accordingly, we find that a final conviction obtained prior to the commencement of the penalty phase of the trial may be relied on as an aggravating factor at that trial.

### III

Additionally, defendant asserts that the trial court, in denying his motion for a change of venue, relied on an incorrect standard of law, thereby infringing on his constitutional rights.

Defendant relies principally on the extensive local media attention that the murder and his alleged involvement with it have received to demonstrate that he would be prejudiced by a trial in Monmouth County. Although not disputing the existence of this publicity, the court below, relying on *State v. Wise,* 19 *N.J.* 59, 73 (1955), stated that

the test is whether an impartial jury could be obtained from among the citizens of the county or whether they are so aroused that they would not be qualified to sit as a jury to try the case. The evidence submitted to be controlling must be clear and convincing proof that a fair and impartial trial cannot be had before a jury of the county where the indictment was found.

Under this standard, the court concluded that "[t]he reasons that the defendant has provided to this Court for a change of venue fail to provide clear and convincing proof that a fair and impartial trial cannot be had before a jury of this County,"

noting that in the earlier-tried Alston case "a fair and impartial jury was selected in a relatively short period of time." Thus, the motion was denied.

■ We recently ruled that with respect to capital proceedings, the standard articulated in *State v. Wise* "will no longer apply." *State v. Williams*, 93 *N.J.* 39, 68 n. 13 (1983). Rather, in this special context a change of venue may be ordered when "the trial court determines in its sound discretion at time of trial that a change of venue is necessary to overcome the realistic likelihood of prejudice from pretrial publicity." *Id.* We noted that the

> requirement of fairness—and particularly jury impartiality—is heightened in cases in which the defendant faces death. The death penalty is a categorical imperative for trial fairness. [*Id.* at 61 (citations omitted).]

■ We cannot be confident, on the record before us, that the trial court would have reached the same result had it applied the standard set forth in *State v. Williams, supra*, 93 *N.J.* 39. Thus, the issue is remanded for reconsideration in light of the mandate of that decision.

The orders below are reversed and remanded.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*Opposed*—None.