205 N.J. Super. 450 (1985)
501 A.2d 194
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT WINDSOR, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
August 19, 1985.
*451 Richard Verde for plaintiff (George L. Schneider, Essex County Prosecutor, attorney).
Joseph W. Spagnoli for defendant.
STERN, J.S.C.
Defendant, Robert Windsor, committed two robberies with a firearm in May 1983. The first occurred on May 10, 1983 in West Orange; the second on May 15, 1983 in Westfield. Defendant pled guilty to the Westfield offense and was sentenced in January 1984. No appeal was taken from the judgment entered in connection with the Westfield matter. Defendant subsequently entered a plea of guilty before me to the West Orange armed robbery which occurred prior to the transaction in Westfield. As part of the negotiated plea with respect to the pending matter, the prosecutor has recommended that defendant receive a maximum custodial sentence of 12 years with a period of parole ineligibility not to exceed four years. The parties agree that defendant has entered guilty pleas to two separate first degree "Graves" offenses, see N.J.S.A. 2C:43-6c, -6d, -7c, :44-3d, and the question is whether he must receive an extended term for the first degree robbery occuring earlier in *452 time. If defendant has been "previously convicted" of a "Graves" offense, a mandatory extended term is required and the plea recommendation is unlawful.
N.J.S.A. 2C:43-6c provides that persons convicted of certain offenses enumerated in that subsection, including robbery, while using or in possession of a "firearm" must receive a sentence of imprisonment and that the sentence must include a "minimum term ... fixed at, or between, one-third and one-half of the sentence imposed by the court or 3 years, whichever is greater, or 18 months in the case of a fourth degree crime, during which the defendant shall be ineligible for parole." N.J.S.A. 2C:43-6c further provides that:
A person who has been convicted of an offense enumerated by this subsection and who used or possessed a firearm during its commission, attempted commission or flight therefrom and who has been previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44-3d, shall be sentenced by the court to an extended term as authorized by 2C:43-7c., notwithstanding that extended terms are ordinarily discretionary with the court.
Robbery is prohibited by N.J.S.A. 2C:15-1, a section of the Code of Criminal Justice which is "enumerated" in N.J.S.A. 2C:43-6c. N.J.S.A. 2C:43-7(a)(2) provides that an extended term for first degree crimes (other than murder), including first degree robbery, shall be between 20 years and life imprisonment, and N.J.S.A. 2C:43-7c requires that:
In the case of a person sentenced to an extended term pursuant to 2C:43-6c. and 2C:44-3d, the court shall impose a sentence within the ranges permitted by 2C:43-7a.(2), (3), (4) or (5) according to the degree or nature of the crime for which the defendant is being sentenced, which sentence shall include a minimum term which shall be fixed at, or between one-third and one-half of the sentence imposed by the court or 5 years, whichever is greater, during which the defendant shall not be eligible for parole. Where the sentence is life imprisonment, the court shall impose a minimum term of 25 years during which the defendant shall not be eligible for parole.
N.J.S.A. 2C:44-3d further provides that an extended term is required upon sentencing for offenses enumerated in N.J.S.A. 2C:43-6c when defendant is at least 18 years of age and
... has been previously convicted of any of the following crimes: 2C:11-3, 2C:11-4, 2C:12-1b., 2C:14-2a., 2C:14-3a., 2C:15-1, 2C:18-2, 2C:29-5, 2C:39-4a., *453 or has been previously convicted of an offense under Title 2A of the New Jersey statutes which is equivilent of the offenses enumerated in this subsection and he used or possessed a firearm, as defined in 2C:39-1f., in the course of committing or attempting to commit any of these crimes, including immediate flight therefrom.
If defendant has never been "previously convicted" of an offense governed by the "Graves Act," his sentence exposure is to an ordinary term of between 10 and 20 years, with a mandatory period of parole ineligibility of, at or between one-third and one-half of the term imposed, or three years, whichever is greater. N.J.S.A. 2C:43-6a(1), -6c, -6d. If, however, defendant has been "previously convicted" of an offense enumerated in N.J.S.A. 2C:44-3d, he must receive an extended term of between 20 years and life imprisonment for the pending robbery with a firearm, and he must receive a parole ineligibility term of, at or between one-third and one-half of the sentence (which would be above the five year minimum ineligibility term required), or of 25 years if life imprisonment is imposed. See also N.J.S.A. 2C:44-1f(1) regarding "presumptive terms."
There is merit to the position that defendant must have been convicted of an enumerated offense prior to the commission of a subsequent crime in order to be subject to the provisions of the "Graves Act" requiring a mandatory extended term. The principle that penal statutes must be strictly construed is well known, and that maxim is reinforced by the Legislature's indication that the code's sentencing provisions include the purpose "to give fair warning of the nature of the sentences that may be imposed on conviction of an offense." N.J.S.A. 2C:1-2b(5). Moreover, when it comes to criteria for extended term sentencing, any ambiguity in the statute should be resolved in favor of defendant. See State v. Biegenwald, 96 N.J. 630, 640 (1984). Furthermore, our Supreme Court has recently held that a prior conviction for sentence enhancement purposes under N.J.S.A. 2C:14-6 must involve a judgment entered prior to the commission of the offense pending subsequent sentencing. See State v. Anderson, 186 N.J. Super. 174 (App.Div. 1982), *454 aff'd o.b. 93 N.J. 14 (1983).[1]See also State v. Biegenwald, supra 96 N.J. at 640.
However, it appears that the Legislature intended to require a mandatory extended term whenever a defendant is convicted of a "Graves" offense on more than one occasion, irrespective of the chronology of events, so long as one judgment of conviction has been entered (and the time for appeal has expired or the appeal is disposed of) prior to the imposition of sentence with respect to the second matter. Given the definition of "prior conviction" in N.J.S.A. 2C:44-4, the sequence of crimes is irrelevant; the fact and timing of adjudication controls.[2] From the point of view of punishment, deterrence and retribution, defendant should be subject to sentence enhancement by virtue of the fact that he was twice convicted of offenses enumerated within the "Graves Act." See generally Burns and Mattina, Sentencing 1-107 (National Judicial College 1981). See also State v. Bey, 96 N.J. 625, 628-629 (1984); N.J.S.A. 2C:1-2b(3).
In State v. Bey, the Supreme Court held that a prior conviction for murder did not have to involve an event prior to the commission of the offense, for purposes of constituting an aggravating factor, under N.J.S.A. 2C:11-3c(4)(a), as it then stood. In rejecting defendant's argument to the contrary, the Court noted:
We find no legislative history, decisional law, or policy considerations to recommend defendant's interpretation. We are satisfied that the status of the prior conviction at the time of its intended use  the penalty phase of the *455 subsequent murder prosecution  is determinative. The relevance of such a conviction, duly authenticated by finality, inheres in the fact that the conviction has occurred prior to the jury's consideration of the appropriate penalty to be imposed. [96 N.J. at 629]
Even though Bey, unlike Anderson, does not involve a mandatory sentence or required sentence enhancement, its rationale appears to apply where the court is to impose sentence. This is particularly true given the history and purpose of the Graves Act designed to impose a mandatory extended term sentence for a defendant who twice committed certain enumerated offenses while using or in possession of a firearm. Cf. State v. Stewart, 96 N.J. 596 (1984); State v. DesMarets, 92 N.J. 62 (1983). See also State v. White, 98 N.J. 122 (1984). In the present context, the court believes that the rationale of Bey, decided after Anderson and dealing with the ability to consider a factor permitting imposition of the death penalty, is applicable.[3]
Accordingly, this court concludes that a mandatory extended term is required in this case by virtue of defendant's "prior conviction" for a "Graves" offense, even though that offense occurred subsequent to the one before the court.
The parties may further consider their respective positions, consistent with this opinion.
NOTES
[1] The Appellate Division opinion cites N.J.S.A. 2C:44-3d at 177. While the court construed the language of N.J.S.A. 2C:14-6 under consideration in Anderson, including the phrases "second or subsequent offense" and "has at any time been convicted," the court also relied upon "undeviating experience" that such statutes have been construed, perhaps even as a matter of "constitutional imperative," to apply "only to chronologically sequential convictions." Ibid.; See also State v. Copeman, 197 N.J. Super. 261 (App.Div. 1984).
[2] It would appear that the appeal must be decided in order to have a "prior conviction." See N.J.S.A. 2C:44-4a, -4b; State v. Biegenwald, supra.
[3] The statement appended to Senate Bill 3057, the "Graves Act," which became chapter 31 of the Laws of 1981 provided in part:

For the first time offenders, the sentence would be fixed at between one-third and one-half of the sentence imposed or 3 years, whichever is greater, for first, second and third degree crimes; and 18 months for fourth degree crimes.
Second or subsequent offenses would subject the person to mandatory sentencing under the extended term provisions of the Criminal Code, which would mean the person would be sentenced to between one-third and one-half of the extended term sentence, or 5 years, whichever is greater. Where the sentence imposed is life imprisonment, the court is required to impose a minimum term of 25 years.
The bill provides for a separate hearing for a determination, to be made by the judge, that a firearm was possessed or used by the person at the time of the commission of the crime.