208 N.J. Super. 475 (1986)
506 A.2d 363
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TIMOTHY LIGHTFOOT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 4, 1986.
Decided February 27, 1986.
*476 Before Judges PRESSLER and DREIER.
*477 Thomas S. Smith, Acting Public Defender, Attorney for appellant (Edward P. Hannigan, Assistant Deputy Public Defender, of counsel and on the letter brief).
Kenneth A. Pagliughi, Prosecutor Cumberland County, Attorney for respondent (Betsy Phillips, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant has appealed from his convictions on guilty pleas of one count of attempted armed robbery and three counts of armed robbery, N.J.S.A. 2C:15-1. Additional counts charging possession of a shotgun for an unlawful purpose; illegal possession of a sawed-off shotgun, a prohibited weapon; aggravated assault; and possession of the shotgun without a permit, encompassed in the charges relating to the robberies were dismissed. Defendant entered into a plea agreement for a sentence of 30 years with a 15 year term of parole ineligibility when he was informed of the minimum and maximum sentences he faced if convicted. The record shows defendant was informed that on the first indictment he was exposed to a term of not less than 73 years nor more than life and a fine of not more than $445,000, and that for the aggregate of the charges to which he was pleading guilty, he was exposed to imprisonment for a term of not less than 40 years nor more than life and a fine of $200,000. With respect to the second indictment he acknowledged that all of the offenses charged in that indictment could result in a term of imprisonment of not less than 135 years nor more than life and fines totalling $560,000, and that for the specific charges to which he was pleading guilty he was exposed to a term of not less then 60 years nor more than life and fines up to $300,000.
It is not important for the purpose of this opinion to describe in detail the events concerning which the two indictments were returned. In each of the two robberies described in the first *478 indictment, defendant approached a woman seated in a car, pointed a shotgun loaded with blanks at her and demanded money. In the first of the three robberies described in the second indictment, defendant was armed with the same shotgun, but in the last two he was armed with a pistol, also loaded with blanks.
The advice given to defendant concerning his exposure to incarceration was based upon convictions for the latter robberies carrying the enhanced Graves Act terms specified by N.J.S.A. 2C:43-6c and N.J.S.A. 2C:43-7c. In so informing the defendant, however, his attorney and the court failed to apply the rule established by State v. Anderson, 186 N.J. Super. 174, 176-77 (App.Div. 1982), aff'd o.b. 93 N.J. 14 (1983). In Anderson we noted that:
[I]n order for one to be a second or a subsequent offender, there must have been a first or earlier conviction already entered at the time the second or subsequent offense was committed.... We are ... persuaded that simultaneous convictions are both technically and philosophically not fairly regardable as chronologically sequential convictions.... It has been the undeviating experience in this State that enhanced penalty statutes in respect of multiple convictions of crimes either expressly or by construction apply only to chronologically sequential convictions, and indeed it is arguable that that prerequisite is a matter of constitutional imperative.
The State argues that State v. Gillespie, 203 N.J. Super. 417 (Law Div. 1984), authorizes the imposition of the enhanced term under the circumstances before us. The court there noted, citing Anderson, "that enhanced punishment may only be imposed when the first conviction precedes the occurrence of the offense upon which the second conviction is based." Id. at 419. The trial judge agreed with this general proposition, reasoning "first offenders are thus given an opportunity to reform and mend their ways. It is obvious therefore that the enhanced penalty aspect of a statute would only go into effect when an offender has ignored the warning and again violates the law." Id. at 420. The judge, however, then misread the intent of Anderson and its explicit interpretation of the statute to require "a chronological sequence between the first conviction *479 and the second offense." State v. Anderson, 186 N.J. Super. at 176. We, therefore, disapprove the reasoning and conclusions of State v. Gillespie insofar as that decision disregards the clear mandate of Anderson, announced by this court and affirmed by the Supreme Court.
We are also constrained to overrule State v. Windsor, 205 N.J. Super. 450 (Law Div. 1985), insofar as it distinguished State v. Anderson, supra, and extended the rationale of State v. Bey, 96 N.J. 625, 628-29 (1984), to the imposition of enhanced terms under the Graves Act. Although Anderson construed N.J.S.A. 2C:14-6, governing enhanced penalties for repeated sex offenders, the Appellate Division opinion in part relied upon the parallel construction of N.J.S.A. 2C:44-3d with respect to enhanced sentences imposed upon defendants who were previously convicted of specified crimes and are currently convicted of offenses in which they used or possessed a firearm. The parallel references to N.J.S.A. 2C:44-3d and N.J.S.A. 2C:43-6c and 7c in the Graves Act itself support the proposition that the statutes should be similarly construed.
As was noted in State v. Windsor, 205 N.J. Super. at 455, State v. Bey involved neither a mandatory sentence nor required sentence enhancement. Although we agree with the author of State v. Windsor that the rationale of State v. Bey is, in the abstract, inconsistent with State v. Anderson, we cannot disregard the Supreme Court's adoption of the Anderson opinion and apparent determination that its decision in State v. Bey was limited to determining aggravating factors in a murder sentencing proceeding under N.J.S.A. 2C:11-3c(4)(a). Bound as we are by the Supreme Court precedent in Anderson, and having no indication in Bey, decided approximately a year later, that Anderson was overruled or its logic even questioned, we will continue to follow Anderson as it applies to enhanced sentences, pending any reconsideration of the issue by the Supreme Court.
State v. Kovack, 91 N.J. 476, 484 (1982) requires the trial judge to "determine whether a defendant fully understands `the *480 nature of the charge and the consequences of the plea'." R. 3:9-2. Although defendant in the case before us faced extensive mandatory incarceration even without the application of the extended Graves Act terms, his decision to accept the plea agreement is required to have been based upon an accurate presentation of his alternatives. At the time of the plea defendant was but 19 years old, and was told he faced a possibility of a 135 year mandatory minimum sentence. The actual punishments he faced were quite different, considering the much lower mandatory maximum that could be imposed if the enhanced Graves Act sentences were inapplicable. And see the further sentencing limitations of State v. Yarbough, 100 N.J. 627, 644 (1985).
We cannot say that defendant in any event would have accepted the plea agreement. Little additional effort is required for the State to return defendant to the status quo ante, and, after a presentation to defendant of the actual penalties faced by him, to permit him either to renegotiate the agreement or to proceed to trial.
This matter is remanded to the Law Division to vacate the convictions and for further proceedings in accordance with this opinion.