STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ERNEST JESSE HAWKS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 19, 1986—Decided December 26, 1986.

Before Judges FURMAN, DREIER and STERN.

*Schutzman & Valentine,* attorneys for appellant (*Peter S. Valentine* on the brief).

*W. Cary Edwards,* Attorney General, attorney for respondent (*Randall L. Currier,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

By jury verdict defendant was convicted of second degree conspiracy to commit aggravated assault, *N.J.S.A.* 2C:5-2, of third degree aggravated assault with a firearm, *N.J.S.A.* 2C:12-1b(2), of second degree possession of a firearm for an unlawful purpose, *N.J.S.A.* 2C:39-4, and of third degree possession of a firearm without a permit, *N.J.S.A.* 2C:39-5b, on two counts. His conspiracy conviction was merged into his aggravated assault conviction.

Defendant's sentence for possession of a firearm for an unlawful purpose was to an extended custodial term of 15 years with a five-year term of parole ineligibility, pursuant to the Graves Act, *N.J.S.A.* 2C:43-6, based upon his prior conviction of a crime involving the use of a firearm. The sentences for his other crimes, included an extended seven-year term for aggravated assault with a firearm, were made concurrent with his sentence for possession of a firearm for an unlawful purpose.

On appeal defendant raises three issues: that his motion for dismissal at the close of the State's case should have been granted; that there was insufficient evidence to convict him; and that his sentence should be vacated or reduced because of

disparity between his sentence and the eleven-year custodial sentence with a three and a half year term of parole ineligibility imposed upon codefendant Dwayne Powell, who fired the firearm in the aggravated assault.

The first two issues raised by defendant are clearly without merit, *R.* 2:11–3(e)(2). The third issue is broader than set forth by defendant. Codefendant Powell had no prior conviction of a firearm offense; if defendant was subject to a mandatory extended term under the Graves Act, he is not entitled to sentence relief on the ground of disparity between his sentence and that of Powell, who was not subject to a mandatory extended term under the Graves Act.[1]

Chronologically, defendant committed the crimes on appeal before us in July 1982; he committed a second offense involving use of a firearm in March 1983; judgment of conviction of the second offense was entered in July 1983 upon his plea of guilty; judgment of conviction on appeal before us was entered in December 1984.

The issue to be resolved is whether the mandatory extended term provision of the Graves Act applies to a defendant whose prior conviction of a firearms offense occurred subsequent to the commission of the firearms offense for which he is to be sentenced. This court decided that issue in the negative in *State v. Lightfoot,* 208 *N.J.Super.* 475 (App.Div.1986), which overruled *State v. Windsor,* 205 *N.J.Super.* 450 (Law Div.1985). The opinion writers of both *Lightfoot* and *Windsor* are members of this panel.

The statute to be construed by us is the final paragraph of *N.J.S.A.* 2C:43–6c, which provides:

A person who has been convicted of an offense enumerated by this subsection and who used or possessed a firearm during its commission, attempted commis-

---

[1]We do not necessarily preclude disparity of sentence as a ground for sentence relief in view of the clear legislative policy of the Code of Criminal Justice favoring parity in sentencing, *N.J.S.A.* 2C:1–2b(4); *cf. State v. Tyson,* 43 *N.J.* 411, 417 (1964).

sion or flight therefrom and who has been previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44-3d., shall be sentenced by the court to an extended term as authorized by 2C:43-7c., notwithstanding that extended terms are ordinarily discretionary with the court.

Also germane is the definition of "prior conviction of a crime" in *N.J.S.A.* 2C:44-4b:

An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a prior conviction, although sentence or the execution thereof was suspended, provided that the time to appeal has expired and that the defendant was not pardoned on the ground of innocence.

Literally, defendant had been previously convicted of a firearms offense governed by the Graves Act at the time of his conviction of the crimes now on appeal.

In overruling *Windsor, Lightfoot* relied upon *State v. Anderson,* 186 *N.J.Super.* 174 (App.Div.1982), *aff'd o.b.* 93 *N.J.* 14 (1983), which dealt with the provision in *N.J.S.A.* 2C:14-6 for mandatory minimum sentences for second and subsequent sex offenders. *Windsor,* in turn, had relied primarily upon *State v. Bey,* 96 *N.J.* 625 (1984), a decision subsequent to *Anderson,* which held that a murder conviction subsequent to commission of the murder for which defendant was to be sentenced could be considered as an aggravating factor in a murder sentencing proceeding under *N.J.S.A.* 2C:11-3c(4)(a). We agree with *Lightfoot* that *Bey* is not controlling because it involved neither a mandatory sentence nor mandatory sentence enhancement.

We also view *Anderson* as distinguishable. *N.J.S.A.* 2C:14-6, which was construed there, provides:

If a person is convicted of a second or subsequent offense under sections 2C:14-2 or 2C:14-3a., the sentence imposed under those sections for the second or subsequent offense shall, unless the person is sentenced pursuant to the provisions of 2C:43-7, include a fixed minimum sentence of not less than 5 years during which the defendant shall not be eligible for parole. The court may not suspend or make any other non-custodial disposition of any person sentenced as a second or subsequent offender pursuant to this section. For the purpose of this section an offense is considered a second or subsequent offense, if the actor has at any time been convicted under sections 2C:14-2 or 2C:14-3a. or under any similar statute of the United States, this state, or any other state for an offense that is substantially equivalent to sections 2C:14-2 or 2C:14-3a.

Factually, defendant in *Anderson* was convicted simultaneously of three separate sex offenses committed at different times against different victims. A holding that a simultaneous conviction could not be construed as a prior conviction would have been sufficient for a decision in defendant's favor exempting him from a mandatory minimum five-year term. *Anderson* reasoned that simultaneous convictions are "not fairly regardable as chronologically sequential convictions," recapitulating decisional law in this State which enforced comparable enhanced penalty statutes only upon "chronologically sequential convictions." *Id.* at 176–177.

*Anderson*, nevertheless, went further and ruled that *N.J.S.A.* 2C:14–6 requires "as a prerequisite to imposition of the enhanced penalty that at the time of the commission of the subsequent offense a conviction of a sex offense must already have been entered." *Id.* at 175. The wording of *N.J.S.A.* 2C:14–6 impelled that result in the Court's view; the statute juxtaposes a prior conviction and a "second or subsequent[2] offense."

There is no such focus on, first, conviction of an offense and, second, commission of another offense in *N.J.S.A.* 2C:43–6c or 2C:44–4b, which govern the appeal before us. Both refer only to chronologically sequential convictions. *N.J.S.A.* 2C:14–6 uses the present tense in the phrase "an offense is considered a second or subsequent offense, if the actor has at any time been convicted" of a sex offense. "Has" is read in *Anderson* as "has at that time;" "at any time" as "at any previous time." *N.J.S.A.* 2C:43–6c uses the present perfect and past tenses in defining those subject to a mandatory extended term.

■ Because we conclude that we are not bound by *Anderson*, we examine and analyze the meaning and intent of *N.J.S.A.* 2C:43–6c *de novo*. Deterrence against second or mul-

---

[2]"Subsequent" is construed by us to mean subsequent to second sex offense, that is, third, fourth, etc.

tiple crimes involving use or possession of a firearm is a primary purpose of the Graves Act, *State v. Des Marets*, 92 *N.J.* 62, 68 (1983); *State v. Bill*, 194 *N.J.Super.* 192, 196 (App.Div.1984). That purpose is served by exposing to a mandatory extended term any one who commits a firearms offense after a prior conviction of a firearms offense. It would also be served by exposing to a mandatory extended term anyone guilty of multiple firearms offenses, whatever the chronology of his convictions.

Under *Lightfoot*, a defendant would escape the mandatory sanction of an extended term if he committed successive firearms offenses, was convicted of the first in time and then convicted of the second in time. He would also be exempt from that sanction if, as here, he committed successive firearms offenses, was convicted of the second in time and then convicted of the first in time. The *Lightfoot* construction of the Graves Act requires interpolating into *N.J.S.A.* 2C:43–6c, as well as into *N.J.S.A.* 2A:44–4b, additional language limiting a previous or prior conviction of a firearms offense to a conviction occurring prior in time to the commission of the firearms offense for which sentence is to be imposed. In our view, there is no basis for reading by implication into the Graves Act any such limitation on the plain meaning of previous or prior conviction.

What the Supreme Court stated in *Bey, supra* at 96 *N.J.* 625 is applicable here: "We find no legislative history, decisional law or policy considerations to recommend defendant's interpretation."

Where both firearms offenses have occurred prior to conviction of either, we perceive no justification for construing *N.J.S.A.* 2C:43–6c so as to reach a different result contingent upon whether, as in *Bey*, the conviction of the offense first committed was entered before the conviction of the offense second committed or whether, as here, the conviction of the second in time preceded the conviction of the first in time.

Usually, the sequence of convictions would be that in *Bey.* If not, the vagaries of the trial calendar or a defendant's decision to plead guilty to the second, but not to the first, crime may result in dispositions of the two crimes out of the chronological sequence of their commission. To hold as a matter of statutory construction that a mandatory extended term is applicable under the factual circumstances of *Bey* but not under the factual circumstances of this appeal might lead to maneuvering by defense counsel to dispose first of the crime committed second, in order to avoid the Graves Act extended term sanction. We reject that construction.

We affirm on all issues.

DREIER, J.A.D. (dissenting).

Consistent with my opinion in *State v. Lightfoot,* 208 *N.J.Super.* 475 (App.Div.1986), I would reverse and remand for resentencing. I would direct the trial court to apply the Graves Act, *N.J.S.A.* 2C:43–6c (last paragraph) as non-mandatory, requiring the judge to exercise his discretion as to whether to impose an extended term. I only briefly reiterate here what we noted in *Lightfoot, i.e.,* that *State v. Anderson,* 186 *N.J.Super.* 174 (App.Div.1982), *aff'd o.b.* 93 *N.J.* 14 (1983), strongly indicates how this statute should be interpreted. We stated in *Lightfoot:*

Although *Anderson* construed *N.J.S.A.* 2C:14–6, governing enhanced penalties for repeated sex offenders, the Appellate Division opinion in part relied upon the parallel constructions of *N.J.S.A.* 2C:44–3d with respect to enhance sentences imposed upon defendants who were previously convicted of specified crimes and are currently convicted of offenses in which they used or possessed a firearm. The parallel references to *N.J.S.A.* 2C:44–3d and *N.J.S.A.* 2C:43–6c and 7c in the Graves Act itself support the proposition that the statute should be similarly construed. [208 *N.J.Super.* at 479].

*See State v. Anderson,* 186 *N.J.Super.* at 177.

I read the cited paragraph of *N.J.S.A.* 2C:43–6c as one focused upon deterrence and requiring that this effect be triggered by the initial conviction. If after such conviction defendant commits a crime listed in the section, he is faced with both a period of parole ineligibility and a mandatory extended

term. If there has been no such initial conviction, the judge still has the discretion to impose the maximum for the ordinary term under appropriate circumstances. Also, if there had been two prior non-Graves Act convictions, an extended term would be an additional discretionary option open to the trial judge. *See State v. Mangrella*, 214 *N.J.Super.* 437 (App.Div.1986). However, without the initial conviction there is no opportunity to impress upon defendant the increased seriousness of any subsequent offense and the ensuing conviction. It is the commission of the second armed crime after such warning that makes the defendant subject to a mandatory rather than a discretionary extended term.

For these reasons, I must respectfully dissent.