214 N.J. Super. 437 (1986)
519 A.2d 926
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK MANGRELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 6, 1986.
Decided December 26, 1986.
*439 Before Judges SHEBELL and STERN.
Alfred A. Slocum, Public Defender, attorney for appellant (Alan I. Smith, designated counsel).
*440 W. Cary Edwards, Attorney General, attorney for respondent (Jeanne M. Andersen, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Tried by a jury defendant was convicted of burglary, N.J.S.A. 2C:18-2, but acquitted of theft, N.J.S.A. 2C:20-3. He was sentenced to an extended term of eight years with four years to be served before parole eligibility. The sentence was made consecutive to a custodial term then being served. Defendant appeals and argues:
POINT I THE COURT ERRED IN NOT SUPPRESSING THE SNEAKERS SEIZED BY THE POLICE.
A. THE PLAIN VIEW EXCEPTION DID NOT JUSTIFY THE SEIZURE OF DEFENDANT'S SNEAKERS.
B. THE SEIZURE OF THE SNEAKERS WAS NOT THE RESULT OF A SEARCH INCIDENT TO AN ARREST.
POINT II DEFENDANTS ACQUITTAL ON THE CHARGE OF THEFT PRECLUDES ESTABLISHMENT OF THE CRIME OF BURGLARY. (Not Raised Below)
POINT III THE COURT ABUSED ITS DISCRETION IN ADMITTING THE PRYBAR INTO EVIDENCE.
POINT IV THE SENTENCE IMPOSED IS ILLEGAL IN THAT AN EXTENDED TERM SHOULD NOT HAVE BEEN IMPOSED.
Our review of the record convinces us that Points I and III have no merit and do not warrant discussion. R. 2:11-3(e)(2).

A.
Count one of the indictment alleged burglary by charging that defendant "did unlawfully enter the structure of Fotomat at 265 South Avenue [Fanwood] with the purpose to commit an offense therein," contrary to N.J.S.A. 2C:18-2. Count two alleged theft, by charging that defendant "did unlawfully take or exercise unlawful control over the movable property of Fotomat with a value in excess of $500.00 with purpose to deprive the owner thereof" in violation of N.J.S.A. 2C:20-3. The allegations related to an entry into a Fotomat store for purposes of committing a theft and taking property *441 therefrom. Burglary requires only an entry "with purpose to commit an offense," irrespective of whether an offense is committed. See State v. Pyron, 202 N.J. Super. 502, 504-505 (App.Div. 1985); N.J.S.A. 2C:18-2a. Unfortunately the issue in this case becomes somewhat complex in the absence of instructions as to the lesser included offense of attempted theft.[1] We need not consider the absence of a charge or verdict on attempted theft, see N.J.S.A. 2C:1-8d; 2C:5-1; 2C:20-3a, because we are satisfied that the verdicts on the two counts do not require reversal of the burglary conviction. Vacation of a conviction is required only if defendant was acquitted on one count which necessarily vitiates an element of the offense for which he was convicted. State v. Peterson, 181 N.J. Super. 261, 267 (App. Div. 1981), certif. den. 89 N.J. 413 (1982); State v. Hawkins, 178 N.J. Super. 321, 323 (App.Div. 1981), certif. den. 87 N.J. 382 (1981); United States v. Hannah, 584 F.2d 27 (3d Cir.1978).[2] However, here the jury could have found that while defendant or his accomplice entered the Fotomat with purpose to commit a theft, neither took property with the purpose of depriving the owner thereof.[3]
*442 N.J.S.A. 2C:1-8a(3) requires that a defendant cannot stand convicted of two crimes when "[i]nconsistent findings of facts are required to establish the commission of the offenses." Here defendant was convicted of only one offense. Moreover N.J.S.A. 2C:1-8a(3) bars verdicts based on inconsistent fact finding and not all inconsistent verdicts. As stated in the commentary to the source section:
Subsection a(3) prohibits the conviction for two offenses which require inconsistent findings of fact to establish their conviction. This is the law in New Jersey and elsewhere. See State v. Bell, supra, and cases cited therein. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189 [25 L.Ed.2d 469] (1970). The Code does not preclude conviction on one count which is inconsistent with an acquittal on another count. The New Jersey cases have no clear holding on this point but it appears that they are in accord with the Code in allowing a verdict to stand here. State v. Coleman, supra at 42; State v. Dancyger, 29 N.J. 76, 93 (1959). [2 Final Report of the New Jersey Criminal Law Revision Commission (Oct., 1971) at 19].

B.
The burglary occurred on December 26, 1983. Defendant turned 18 years old on March 3, 1979, and reached his 21st birthday on March 3, 1982. He was convicted of four crimes committed as an adult on separate dates with judgments entered on October 31, 1980 and May 29, 1981. However, after this offense occurred but before sentencing, he was convicted of three separate criminal transactions (involving six crimes) occurring in 1984. At the time of sentencing it appears that no consideration was given to the impact of chronology. The court expressly referred to the 1984 transactions when referring to defendant's record. The court concluded that it was "satisfied that he is a persistent offender, pursuant to N.J.S.A. 2C:44-3, and shall be sentenced to an extended term."
The critical issue is whether the judgments for crime entered against defendant after the offense in this case can be considered as prior convictions for purposes of the extended term criteria embodied in N.J.S.A. 2C:44-3a. That section provides that the court may impose an extended term when the *443 defendant is a "persistent offender." It defines persistent offender as follows:
A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
N.J.S.A. 2C:44-4 defines "prior conviction" and provides that:
An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a prior conviction, although sentence or the execution thereof was suspended, provided that the time to appeal has expired and that the defendant was not pardoned on the ground of innocence. [N.J.S.A. 2C:44-4b].
Accordingly, under the literal reading of the Code a defendant must be deemed "previously convicted" when a judgment is entered prior to sentencing, provided that there is no pending appeal, irrespective of the chronology of offenses.
In State v. Anderson, 186 N.J. Super. 174 (App.Div. 1982), aff'd o.b. 93 N.J. 14 (1983) the court construed the mandatory extended term criteria for second and subsequent sex offenders, embodied in N.J.S.A. 2C:14-6
... to require, as a prerequisite to imposition of the enhanced penalty, that at the time of the commission of the subsequent offense a conviction of a sex offense must already have been entered. [186 N.J. Super. at 175].
In its opinion in Anderson the court referred to N.J.S.A. 2C:44-3a and stated:
Our conclusion that the enhanced penalty provision of the statute does not apply to simultaneous conviction of separate sex offenses does not rest on the statutory language alone. It has been the undeviating experience in this State that enhanced penalty statutes in respect of multiple convictions of crimes either expressly or by construction apply only to chronologically sequential convictions, and indeed it is arguable that that prerequisite is a matter of constitutional imperative. Compare N.J.S.A. 2C:44-3a (sentencing of persistent offenders) and N.J.S.A. 2C:44-3d (sentencing of second offender with a firearm).... We see no reason to depart from that construction here.
Finally, we note that the singular use of the phrase `at any time' in N.J.S.A. 2C:14-6 may be explained by comparing that section with N.J.S.A. 2C:44-3a, the persistent offender sentencing provision which replaced former N.J.S.A. 2A:85-12. Unlike its predecessor statute, N.J.S.A. 2C:44-3a does not define persistent offender status in terms of prior convictions which have been entered against *444 the defendant at any previous time. Rather, it requires that there be two previous convictions of crime and that `the latest in time of the crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced. Thus, it appears that the `at any time' language of N.J.S.A. 2C:14-6 was intended to make clear that as to enhanced penalty for multiple sex crime offenders, the ten-year limitation of N.J.S.A. 2C:44-3a is inapplicable. Thus viewed, it is evident that `at any time' was used by the Legislature to denote `at any previous time,' no matter how remote that previous time was. [186 N.J. Super. at 176-177.]
Subsequent to the decision in Anderson, the Supreme Court, in State v. Bey, 96 N.J. 625 (1984), opinion clarified, 97 N.J. 666 (1984), made clear that a prior conviction for murder did not have to involve an event occurring prior to the commission of the offense then before the court, for purposes of constituting an aggravating factor under N.J.S.A. 2C:11-3c(4)(a) as it then stood. In rejecting defendant's argument in a case where the matter then before the court was chronologically an event occurring subsequent to the prior offense, the Court noted:
We find no legislative history, decisional law, or policy considerations to recommend defendant's interpretations. We are satisfied that the status of the prior conviction at the time of its intended use  the penalty phase of the subsequent murder prosecution  is determinative. The relevance of such a conviction, duly authenticated by finality, inheres in the fact that the conviction has occurred prior to the jury's consideration of the appropriate penalty to be imposed. [96 N.J. at 629].
See also State v. Biegenwald, 96 N.J. 630, 635-636 (1984), opinion clarified, 97 N.J. 666 (1984).
Our courts have struggled with the chronological prerequisite of convictions for purposes of the mandatory extended term provisions of the Graves Act, N.J.S.A. 2C:43-6c, 2C:43-7c and 2C:44-3d. In State v. Hawks, 214 N.J. Super. 430 (App.Div. 1986) and State v. Windsor, 205 N.J. Super. 450 (Law Div. 1985) it was held that the chronology of the events and offenses was irrelevant so long as judgments were entered prior to the sentencing of the matter before the court. Prior to Hawks, State v. Windsor was overruled in State v. Lightfoot, 208 N.J. Super. 475 (App.Div. 1986) which also dealt with the mandatory extended term criteria under the Graves Act. The author *445 of Lightfoot dissented in Hawks. Hawks and Windsor followed the rationale of Bey, whereas Lightfoot concluded that Anderson was controlling.
The reference to N.J.S.A. 2C:44-3a in State v. Anderson is, of course, dictum. In any event, unlike the provisions of N.J.S.A. 2C:14-6 involved in Anderson and N.J.S.A. 2C:43-6c and 2C:44-3d involved in Hawks, Lightfoot and Windsor, the persistent offender provisions of N.J.S.A. 2C:44-3a deal with a discretionary determination of the court. The exercise of discretion in terms of whether to impose an extended term for an individual who has been "previously convicted" on two or more occasions is not unlike the exercise of discretion involved in a capital case regarding the finding of an aggravating factor when a defendant has previously been convicted of murder. Moreover, if the sentencing authority in a capital case can consider a prior conviction for murder irrespective of the chronology of offenses, there is no reason why the sentencing authority in a non-capital case cannot consider multiple convictions irrespective of chronology of events, provided that the other criteria of N.J.S.A. 2C:44-3a are satisfied. In the exercise of its discretion the court under N.J.S.A. 2C:44-3a must state reasons for imposition of an extended term. See N.J.S.A. 2C:43-2e; R. 3:21-4(e). Those reasons should include consideration of the chronology of events, including the impact of prior convictions involving offenses which occurred chronologically after the one before the court or judgments entered after the offense then before the court for sentencing.
Accordingly, we hold that the persistent offender criteria embodied in N.J.S.A. 2C:44-3a requires neither offenses to have occurred nor judgments to have been entered prior to the offense then before the court for sentencing and, provided that the other criteria embodied in N.J.S.A. 2C:44-3a are satisfied, that the trial court can consider any "judgment" entered prior to sentencing provided that there is no pending appeal or right of direct appeal. See State v. Bey and State v. Biegenwald, both supra. However, reasons should be expressed as to why *446 the court, in granting the application, considered matters involving the offenses occurring or judgments entered after the date of the offense before the court.
Although the court in this case did not expressly consider that several of the prior convictions occurred after the offense in this matter, the statutory criteria permitting imposition of an extended term was satisfied in this case by the judgments which were entered before the burglary of December 26, 1983. We cannot therefore conclude that the trial judge abused his discretion in imposing an extended term. Cf. State v. Roth, 95 N.J. 334, 364-365 (1984); N.J.S.A. 2C:44-7.
Affirmed.
NOTES
[1] The State argues that the proofs warranted the verdicts here because of questions concerning whether there was a completed theft. If so, the lesser included charge of attempted theft should have been presented to the jury. See N.J.S.A. 2C:1-8d, 8e.
[2] If defendant is acquitted of an offense with several elements one or more of which is required to sustain a conviction of a second charged offense, the conviction must be vacated only if the jury could not have found an element not common to both offenses unsatisfied by proof beyond a reasonable doubt. Hence, acquittal of a lesser included offense requires acquittal of the greater. See e.g., Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Dively, 92 N.J. 573 (1983); State v. DeLuca, 208 N.J. Super. 422 (App.Div. 1986) (separate trials). See also Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), reh'g den. 468 U.S. 1224, 105 S.Ct. 20, 82 L.Ed.2d 915 (1984).
[3] As no motion was addressed to this issue after the verdict, we do not have the benefit of the trial judge's thinking on the issue. Such a motion should initially be addressed to the trial judge. Cf. R. 2:10-1, 2:10-2, 3:18-1.