NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1208-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DALE BURNETT,

    Defendant-Appellant.

_____

Submitted May 2, 2017 — Decided  August 2, 2017

Before Judges Ostrer and Leone.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Indictment No.
81-02-0211.

Dale Burnett, appellant pro se.

Angelo J. Onofri, Mercer County Prosecutor,
attorney for respondent (Laura Sunyak,
Assistant Prosecutor, on the brief).

PER CURIAM

In 1982, defendant Dale Burnett was convicted of murder and
was sentenced to an extended term of life imprisonment with twenty-
five years of parole ineligibility.  He appeals the June 24, 2015

dismissal without prejudice of his motion to correct an illegal sentence.

                                I.

Defendant murdered a woman in Mercer County on September 7, 1980 (the 1980 murder). Before defendant was apprehended, he committed a second murder in Burlington County on January 12, 1981 (the 1981 murder).

On February 12, 1981, Mercer County Indictment 211-81 charged defendant with the 1980 murder under N.J.S.A. 2C:11-3. A jury found defendant guilty of the 1980 murder on February 10, 1982.

Meanwhile, on July 29, 1981, defendant was sentenced for the 1981 murder to life imprisonment with a seventeen-year period of parole ineligibility, and for first-degree robbery, N.J.S.A. 2C:15-1, to a concurrent term of fifteen years' in prison.

Prior to sentencing on the 1980 murder conviction, the State filed a motion for an extended term sentence pursuant to N.J.S.A 2C:44-3(a). However, the trial court instead invoked N.J.S.A. 2C:43-7 as the basis for an extended term. On April 23, 1982, the court sentenced defendant to life imprisonment with twenty-five years of parole ineligibility, to be served consecutively to any offense defendant was serving at that time.

On March 17, 2015, defendant filed a pro se motion in the Law Division to correct an illegal sentence, arguing the trial court

was prohibited from considering any conviction entered prior to the 1980 murder conviction in ruling on the N.J.S.A. 2C:44-3 motion. Counsel was appointed to represent defendant. On June 24, 2015, the Law Division dismissed defendant's motion, without prejudice, because "Defendant failed to file a brief."

Defendant filed an appeal, which we dismissed because defendant "failed to file a timely brief." We granted defendant's request to vacate the dismissal of his appeal. In his appellate brief, defendant argues:

> DUE TO COUNSEL'S INEFFECTIVE REPRESENTATION, WHICH CAUSED APPELLANT'S MOTION TO BE DISMISSED, HE IS ENTITLED TO A REMAND AND A NEW HEARING ON THE MERITS OF HIS CLAIMS.

## II.

We note at the outset defendant's motion was dismissed without prejudice. Thus, in lieu of appeal, defendant could have filed a new motion with a brief, or sought to reinstate his old motion with a brief. "A motion may be filed and an order may be entered at any time" to correct an illegal sentence. R. 3:21-10(b)(5); see State v. Schubert, 212 N.J. 295, 309 (2012). However, because defendant filed a brief before us, and in the interest of efficiency, we choose to address defendant's appeal.

Defendant claims his counsel was ineffective for failing to file a brief in support of his pro se motion. To show ineffective

3

assistance of counsel, defendant must meet the two-pronged test of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted in State v. Fritz, 105 N.J. 42 (1987). "The defendant must demonstrate first that counsel's performance was deficient, i.e., that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" State v. Parker, 212 N.J. 269, 279 (2012) (citation omitted). Second, "a defendant must also establish that the ineffectiveness of his attorney prejudiced his defense." Ibid. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 279-80 (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

Assuming defendant had a right to effective counsel on his motion to correct an illegal sentence, we reject his claim because his motion lacked merit. "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion," so "we need not address defendant's ineffective assistance of counsel argument." State v. O'Neal, 190 N.J. 601, 619 (2007). Defendant cannot show his motion to correct his sentence would have been meritorious even if counsel filed a supporting brief. It certainly would not have changed the result of the proceedings. "The failure

4

to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990). Defendant's motion to correct his sentence was meritless because defendant's life sentence was not illegal.

"[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the [New Jersey Criminal] Code for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011); see also Schubert, supra, 212 N.J. at 308. Whether defendant's sentence is an illegal sentence is an issue of law; "our review is therefore de novo." State v. Drake, 444 N.J. Super. 265, 271 (App. Div.) (quoting State v. Olivero, 221 N.J. 632, 638 (2015)), certif. denied, 226 N.J. 213 (2016). We must hew to that standard of review.

Defendant claims his sentence for the 1980 murder conviction was illegal because the sentencing court relied upon his 1981 murder conviction, which was on direct appeal at the time, to impose an extended term sentence under N.J.S.A. 2C:44-3. In fact, the sentencing court chose to base the enhanced sentence not on N.J.S.A. 2C:44-3 but on N.J.S.A. 2C:43-7.

At the time of defendant's crime, N.J.S.A. 2C:43-7 provided that "[i]n the cases designated in section 2C:44-3 or 2C:11-3," a person convicted of murder "may be sentenced to an extended term" of "between 30 years and life imprisonment," with "a term of 25

years during which time the defendant shall not be eligible for parole where the sentence imposed was life imprisonment." State v. Maguire, 84 N.J. 508, 521-22 (1980) (emphasis added) (quoting N.J.S.A. 2C:43-7(a)(1), (b) (1979)). In Maguire, our Supreme Court held that under N.J.S.A. 2C:43-7 (1979), "an extended term of life imprisonment is an available punishment in murder cases without separate proof of the enhancement criteria in section 2C:44-3." Maguire, supra, 84 N.J. at 528. The Court ruled a life sentence for murder could be imposed "where the aggravating circumstances substantially outweigh the mitigating circumstances." Id. at 533.

Here, the sentencing court imposed an extended term under N.J.S.A. 2C:43-7 and Maguire because it found seven aggravating factors under N.J.S.A 2C:44-1: (1) the heinous, cruel, and depraved manner in which the offense was committed, (2) defendant's knowledge that the victim was particularly vulnerable, (3) the probability defendant would commit another offense, (4) a lesser sentence would deprecate the seriousness of the offense, (5) the need to deter defendant and others, (6) the need to protect society from defendant's repeated offenses, and (7) the seriousness of defendant's prior record. The court found no mitigating circumstances. Thus, the trial court properly sentenced defendant to an extended term for his 1980 murder conviction under N.J.S.A.

6

2C:43-7(a). The court did not need to rely on defendant's prior convictions to impose a life sentence.

In any event, it would not have been improper for the sentencing judge to base the extended sentence on the 1981 murder conviction under N.J.S.A. 2C:44-3(a). "The persistent offender statute, N.J.S.A. 2C:44-3(a), grants the sentencing court discretion to impose an extended sentence when the statutory prerequisites for an extended-term sentence are present." State v. Pierce, 188 N.J. 155, 161 (2006). One prerequisite for a "persistent offender" is that he "has been previously convicted on at least two separate occasions of two crimes." Maguire, supra, 84 N.J. at 517 n.8 (quoting N.J.S.A. 2C:44-3). The statute looks to the date of conviction, not the date of the offense:

> [The] chronology of offenses for sentence enhancement of a "persistent offender" under N.J.S.A. 2C:44-3a is not important. The sequence of convictions controls. Thus, if a conviction on a previous offense occurs prior to the date of sentencing on the "subsequent" offense then before the court, the "previous offense" requirement has been met.
>
> [State v. Haliski, 140 N.J. 1, 11 (1995) (citing State v. Mangrella, 214 N.J. Super. 437, 445-46 (App. Div. 1986), certif. denied, 107 N.J. 127 (1987)); accord State v. Cook, 330 N.J. Super. 395, 421-22 (App. Div.), certif. denied, 165 N.J. 486 (2000).]

Defendant claimed that because his 1981 murder conviction was on appeal at the time of his sentencing for the 1980 murder, that

conviction could not be a basis for an extended sentence under N.J.S.A. 2C:44-3. To support his claim, defendant cited Mangrella, which "stated that the trial court could consider any judgment of conviction entered prior to sentencing but restricted consideration to those judgments not pending direct appeal or subject to a right of direct appeal." Cook, supra, 330 N.J. Super. at 422 (citing Mangrella, supra, 214 N.J. Super. at 445-46). However, we have ruled that, "[r]ejecting that part of Mangrella dealing with the issue, the Haliski Court held that a criminal defendant cannot escape the statutory higher penalty simply because a prior conviction is pending on appeal." Ibid. Therefore, when considering whether "a defendant is a persistent offender under N.J.S.A. 2C:44-3(a), a sentencing judge may consider convictions entered after the defendant committed the instant crime even when there is an appeal pending or right of direct appeal." Ibid.

Accordingly, defendant has not demonstrated a valid basis for his motion to correct an illegal sentence, and cannot establish a claim of ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION