640 A.2d 884

STATE OF NEW JERSEY, PLAINTIFF,
v. RALPH BOWSER, DEFENDANT.

Superior Court of New Jersey
Law Division Atlantic County

Decided December 13, 1993.

*James F. Smith,* Assistant Prosecutor, for plaintiff (*Jeffrey S. Blitz,* Atlantic County Prosecutor, Attorney).

*Arnold Robinson,* for defendant.

TODD, J.S.C.

■ This opinion deals with one provision of the Prevention of Domestic Violence Act of 1990, *N.J.S.A.* 2C:25–17 to –33, providing for the imposition of criminal penalties in the event of violations of orders entered under that statute. *N.J.S.A.* 2C:25–30 provides that any person convicted of a "second or subsequent non-indictable domestic violence contempt offense" must serve a period of incarceration of at least thirty days. The issue presented here is whether or not that enhanced penalty should be applied to an individual who has been simultaneously convicted of multiple non-indictable domestic violence contempts which occurred on separate occasions. For the reasons noted below, this court has concluded that enhanced penalty should not be applied in those circumstances. In broader terms, this court interprets *N.J.S.A.* 2C:25–30 as requiring the entry of a prior conviction, at the time of the commission of the offense in question, as a prerequisite to the imposition of that enhanced penalty.

On September 2, 1993, a domestic violence restraining order was entered against defendant Ralph Bowser, specifically prohibiting him from having contact with Susan Pitts. Defendant was subsequently charged, in separate complaints, with violating that restraining order on three separate occasions. The first complaint

against him was filed September 2, 1993, the day the original order was entered, and alleged that a violation had occurred that day. A second complaint was filed September 24, 1993, and alleged a violation had occurred the preceding day. A third complaint was filed October 14, 1993, and alleged a violation had occurred that day. Each complaint charged defendant with committing a non-indictable domestic violence contempt, to be treated as a disorderly persons offense under *N.J.S.A.* 2C:29–9. (Under *N.J.S.A.* 2C:29–9, conduct which constitutes a violation of a domestic violence restraining order and which also constitutes a crime of disorderly persons offense is treated as a crime of the fourth degree, which is therefore subject to indictment. All other violations, including those which involve conduct constituting a petty disorderly persons offense or conduct which is not otherwise prohibited by the Code of Criminal Justice, are treated as disorderly persons offenses, which are normally prosecuted in the Family Part, without indictment.) All three of the complaints filed against defendant were tried at the same time. The trial was conducted November 4, 1993. Defendant was acquitted of the charge set forth in the second complaint, but was found guilty of the charges set forth in the first and third complaints. Sentencing was adjourned to permit all involved to deal with the legal issue presented here.

As noted above, the issue presented is whether or not the enhanced penalty provisions of the statute should be applied to an individual who is simultaneously convicted of multiple offenses occurring on separate occasions. That issue is one of legislative intent. The statute at issue here is susceptible to differing interpretations. The issue presented is framed, however, by existing case law and specifically by the Supreme Court's opinion in *State v. Hawks,* 114 *N.J.* 359, 554 *A.*2d 1330 (1989), and the Appellate Division's earlier opinion in *State v. Anderson,* 186 *N.J.Super.* 174, 451 *A.*2d 1326 (App.Div.1982), *aff'd. o.b.,* 93 *N.J.* 14, 459 *A.*2d 302 (1983), dealing with the enhanced penalty provisions of other statutes.

In *State v. Anderson, supra,* the Appellate Division was required to interpret the provisions of *N.J.S.A.* 2C:14–6, which require the imposition of a fixed minimum sentence of not less than five years upon a defendant convicted of a "second or subsequent" sex offense. The defendant in that matter had been simultaneously convicted of three separate sex offenses, involving three separate victims. The trial court imposed the fixed minimum sentence noted. The defendant appealed, arguing that an enhanced penalty should not be imposed in the case of simultaneous convictions. The Appellate Division agreed, holding that a prior conviction must have been entered at the time of the commission of any "subsequent" offense, as a prerequisite to the imposition of the enhanced penalty. In reaching that result, the Appellate Division set forth a more general rule of construction, in the following passage:

Our conclusion that the enhanced penalty provision of the statute does not apply to simultaneous conviction of separate sex offenses does not rest on the statutory language alone. It has been the undeviating experience in this State that enhanced penalty statutes in respect of multiple convictions of crimes either expressly or by construction apply only to chronologically sequential convictions, and indeed it is arguable that that prerequisite is a matter of constitutional imperative.

[*Anderson, supra,* 186 *N.J.Super.* at 176–77, 451 *A.*2d 1326.]

The Supreme Court did affirm the Appellate Division's Decision in *Anderson,* as indicated above. Several years later, the Supreme Court offered a different perspective on the issue presented here, in its opinion in *State v. Hawks, supra,* 114 *N.J.* at 365, 554 *A.*2d 1330. That case involved the provisions of the Graves Act, *N.J.S.A.* 2C:43–6c, which require that a mandatory extended term be imposed on an individual convicted of certain specific offenses when that individual "has been previously convicted of an offense involving the use or possession of a firearm." The prosecution in *Hawks* did not involve simultaneous convictions, such as those at issue here and in *Anderson,* but did raise the same basic question presented in those proceedings. The defendant in *Hawks* had been convicted in two separate proceedings, for offenses occurring on two separate occasions. At the time each of those offenses was

committed, however, the defendant had not been convicted of the other offense. In spite of that, the trial court did impose the enhanced penalty provisions of the Graves Act to defendant's second conviction. That action was affirmed by the Appellate Division and then by the Supreme Court. In essence, the Supreme Court indicated that the general rule outlined in *Anderson, supra,* should not be applied to prosecutions under the Graves Act. In doing that, the Supreme Court did not reject the holding in *Anderson,* but distinguished between the type of repeat-offender statutes such as that at issue in *Anderson,* and statutes which are purely deterrent-oriented, such as the Graves Act. The Supreme Court discussed that distinction in the following passage:

> Moreover, there is a fundamental difference in purpose between the Graves Act and repeat-offender statutes such as the one examined in *Anderson.* Whereas repeat-offender statutes focus on the person who commits the crime rather than on the crime itself, *Gillespie, supra,* 203 *N.J.Super.* [417] at 420, 497 *A.2d* 232 [ (Law Div.1984) ],
>
>> [t]he intent of the [Graves] Act, is manifest: at the very least, to ensure incarceration for those who arm themselves before going forth to commit crimes * * *. The history of the legislation makes it clear that its focus is deterrence and only deterrence; rehabilitation plays no part in this legislation. *[State v. Des Marêts, supra,* 92 *N.J.* [62] at 68, 455 *A.2d* 1074 [ (1983) ].]
>
> The spirit of the Graves Act is contrary to the principal that all circumstances of both the offender and the offense must be considered if justice is to be done, and that one of the most important aspects of criminal justice is the discretionary nature of punishment.

[*Hawks, supra,* 114 *N.J.* at 365–66, 554 *A.2d* 1330.]

That analysis frames the principal issue to be addressed here, in resolving the question of legislative intent. This court is satisfied it is more appropriate to treat this provision of the domestic violence statute as the type of repeat-offender statute at issue in *Anderson,* and not as a purely deterrent-oriented statute, such as the Graves Act. Statutes which are purely deterrent-oriented statutes, such as those described in *Hawks,* are clearly the exception and not the rule. Such statutes implicitly reject a number of the general purposes recognized by the Legislature when the Code of Criminal Justice was enacted. Such statutes normally do not encourage rehabilitation and make it difficult to differentiate

among offenders. Compare *N.J.S.A.* 2C:1–2(b)(2) and (6). Obviously, such statutes limit the discretionary aspect of punishment, recognized in *Hawks* as one of the most important aspects of criminal justice.

There is no indication, in any of the materials available to the court, that the Legislature intended to address the issue presented here with any specificity. The enhanced penalty provisions of *N.J.S.A.* 2C:25–30 were enacted as a part of the Prevention of Domestic Violence Act of 1991. (The prior statute, designated as *N.J.S.A.* 2C:25–15, merely provided that a violation of a domestic violence restraining order would constitute contempt, and made no provisions for the penalties to be applied in the event of a violation.) In enacting that statute, the Legislature expressed a substantial and continuing concern for the effects of domestic violence, for the need to provide access to the legal system to those threatened by domestic violence, and for the need for a broad range of remedies and sanctions to provide for the safety of the victims of domestic violence. See *N.J.S.A.* 2C:25–18. Deterrence is obviously one goal of that statutory scheme, but it is not the only goal. Much of the statute relates to the civil remedies available to victims of domestic violence. Several sections of the statute specifically provide for counseling, and implicitly recognize that rehabilitation may play an important role in dealing with individuals involved in domestic violence. *N.J.S.A.* 2C:25–29(b) specifically provides that restraining orders entered under the authority of the Act may require a defendant to participate in counseling. Similarly, *N.J.S.A.* 2C:25–27 specifically provides that an individual found guilty of a crime or offense involving domestic violence may be required to participate in counseling. Both the civil and criminal provisions of the Act can be applied to a wide variety of conduct and to a wide range of individuals, who may be involved in ongoing relationships. Absent some more specific expression of legislative intent, it does not appear appropriate to interpret this statute as being purely deterrent-oriented, as contemplated in *Hawks.*

■ The specific language chosen by the legislature in enacting *N.J.S.A.* 2C:25–30 offers some additional support for the court's conclusion, particularly in light of the case law in effect at the time of the statute's enactment. This statute provides for an enhanced penalty for any person convicted of a "second or subsequent" offense. The phrase "second or subsequent" is susceptible to a number of different interpretations. That is the same phrase, however, that appears in *N.J.S.A.* 2C:14–6, defining the circumstances under which convicted sex offenders are subject to enhanced penalties, which was the subject of the Appellate Division's opinion in *Anderson, supra,* 186 *N.J.Super.* at 175, 451 *A.*2d 1326. As already noted, the court in that matter did interpret that language as requiring chronologically sequential convictions as a prerequisite to the imposition of the enhanced penalty.

*Anderson* was decided in 1982. The basic principal set forth in *Anderson* was also recognized by the Supreme Court in *Hawks* in 1989. It is appropriate to presume that the Legislature was familiar with that case law in 1991 at the time the statute at issue in this matter was enacted. *See Yanow v. Seven Oaks Park, Inc.,* 11 *N.J.* 341, 350, 94 *A.*2d 482 (1953); *County of Essex v. Com'r., DHS,* 252 *N.J.Super.* 1, 10–11, 599 *A.*2d 167 (App.Div.) *cert. denied,* 127 *N.J.* 553, 606 *A.*2d 366 (1991); and *Guzman v. City of Perth Amboy,* 214 *N.J.Super.* 167, 174, 518 *A.*2d 758 (App.Div. 1986). Finally, it is appropriate to strictly construe statutes which are penal in nature. *See State in Interest of M.T.S.,* 129 *N.J.* 422, 431, 609 *A.*2d 1266 (1992); *State v. Valentin,* 105 *N.J.* 14, 17, 519 *A.*2d 322 (1987); and *State v. Carbone,* 38 *N.J.* 19, 24, 183 *A.*2d 1 (1962).

For the reasons noted, this court holds that the provisions of *N.J.S.A.* 2C:25–30 requiring the imposition of an enhanced penalty should only be applied to individuals who had been previously convicted of such an offense on the date the subsequent offense was committed. Accordingly, this court will not apply the enhanced penalty provisions of the statute to the situation presented

here, where the defendant has been simultaneously convicted of offenses occurring on two separate occasions.

Sentencing will proceed in accordance with the terms of this decision.