641 A.2d 549

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JOSEPH
LEON HALISKI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 1, 1994—Decided April 29, 1994.

Before Judges BRODY, STERN and KEEFE.

*Susan L. Reisner,* Acting Public Defender, attorney for appellant (*Stephen Kirsch,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*Deborah T. Poritz,* Attorney General, attorney for respondent (*Marsetta Lee,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

BRODY, P.J.A.D.

█ The issue is whether the court may impose a Graves–Act (firearm) mandatory extended prison term, reserved for second offenders, on a person who did not receive an extended term when first sentenced because the prior conviction of a Graves–Act offense was then on appeal. We now hold that once the prior conviction has been affirmed, the trial court may correct the original sentence and impose the extended term mandated by statute.

Defendant was convicted of first-degree armed robbery. He committed the crime with a firearm and was subject to a mandated extended prison term because he previously had been convicted of another armed robbery with a firearm. *N.J.S.A.* 2C:43–6c. However, his appeal of the earlier conviction was pending when he was sentenced for the present offense. Despite the appeal, the trial judge imposed an extended prison term of fifty years, seventeen years to be served before parole eligibility. We vacated the

sentence in an unreported opinion and remanded for resentencing because the prior conviction could not be considered as the basis for an extended prison term while its appeal was pending. *N.J.S.A.* 2C:44–4b; *State v. Mangrella*, 214 *N.J.Super.* 437, 443, 519 *A.*2d 926 (App.Div.1986), *certif. denied* 107 *N.J.* 127, 526 *A.*2d 194 (1987).

Upon remand, the trial judge resentenced defendant to an ordinary prison term. Thereafter, the State moved to correct the sentence as illegal after we affirmed the prior conviction and defendant did not seek certification in the Supreme Court. The trial judge granted the State's motion and imposed the original extended prison term. Defendant argues generally that to permit correction of the sentence violates "[c]onsiderations of fundamental fairness." We disagree.

■ The Legislature intended that a Graves–Act offender previously convicted of a Graves–Act offense receive an extended prison term. An extended prison term must be imposed even if the prior conviction was for a Graves–Act offense that occurred after the offense for which the defendant is being sentenced. *State v. Hawks*, 114 *N.J.* 359, 554 *A.*2d 1330 (1989). The Legislature did not intend a lighter sentence for defendants whose previous conviction, though on appeal at the time of sentencing, is affirmed after sentence. The relevant portion of *N.J.S.A.* 2C:43–6c provides:

> A person who has been convicted of an offense enumerated by this subsection and who used or possessed a firearm during its commission, attempted commission or flight therefrom and who has been previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44–3d., shall be sentenced by the court to an extended term as authorized by 2C:43–7c., notwithstanding that extended terms are ordinarily discretionary with the court.

However, *N.J.S.A.* 2C:44–4b provides:

> An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a prior conviction, although sentence or the execution thereof was suspended, *provided that the time to appeal has expired* and that the defendant was not pardoned on the ground of innocence. [Emphasis added.]

Although the emphasized portion of *N.J.S.A.* 2C:44–4b provides in effect that an appeal of a prior Graves–Act conviction forestalls it's consideration at the time of a Graves–Act sentencing, the defen-

dant is no less deserving of the mandated extended term if the prior conviction is affirmed. Were it otherwise, a person such as defendant could escape an extended prison term, mandated by statute, simply by filing an appeal of the prior Graves–Act conviction.

Recognizing the Legislature's intent to impose an extended prison term on all Graves–Act second offenders regardless of whether at the time of sentencing the prior conviction is on appeal, leads to one of two conclusions. Either the sentencing judge can ignore the fact that the prior conviction is on appeal and impose an extended prison term subject to its being reduced if the prior conviction is reversed, or acknowledge that the prior conviction is on appeal and impose an ordinary prison term subject to its being increased if the prior conviction is affirmed.

In view of the directive in *N.J.S.A.* 2C:44–4b that a conviction is not to be considered "prior" before "the time to appeal has expired," we conclude that sentencing judges must follow the latter course. That is, where a prior Graves–Act conviction is on appeal at the time of sentencing for a second Graves–Act offense, the judge must impose an ordinary prison term. After the prior conviction has been affirmed, the State is entitled to have the sentence raised to an extended prison term because upon the affirmance, the sentence to an ordinary prison term becomes illegal. An illegal sentence may be corrected at any time, even by increasing the term. *R.* 3:22–2(c). *State v. Kirk,* 243 *N.J.Super.* 636, 581 *A.*2d 115 (App.Div.1990).

Our concurring colleague finds no basis in the Code for increasing a sentence without ignoring the language of *N.J.S.A.* 2C:44–4b. We first "ignored" the statute in *Mangrella, supra,* when we stated that a sentencing judge may not consider a prior conviction that is on appeal even though the statute literally permits its consideration once "the time to appeal has expired." We agree that it is certainly reasonable to infer that the Legislature intended to exclude from consideration a prior conviction while it is on appeal and not merely during the 45–day period within which an appeal may be taken.

It is just as reasonable to extend the inference and infer further that though it intended to exclude the prior conviction from being considered at sentencing during its appeal, the Legislature also intended that the prior conviction be considered at a resentencing after it has been affirmed. We rely on the Legislature's clear mandate, unmistakable to defendants, that in all cases an extended term be imposed for a second Graves–Act offense.

Affirmed.

STERN, J.A.D., concurring.

If defendant received an ordinary term within the range for first degree crimes, the State could not have appealed. *See* *N.J.S.A.* 2C:44–1f(2). Here, defendant filed an appeal challenging, among other things, the extended term sentence as illegal and prevailed on appeal as to that issue. After resentencing on remand, the State claimed that the ordinary term was illegal because the "prior conviction" had been affirmed, and defendant was resentenced again to the original extended term. Hence, defendant's appeal, successful as to sentence, only obtained for him the same sentence that we previously found to be illegal.

I agree with my colleagues that it is more than doubtful that the Legislature would have permitted multiple Graves Act offenses without added consequences merely because defendant had filed an appeal. To the contrary, as our Supreme Court pointed out in *State v. Hawks*, 114 *N.J.* 359, 554 *A.2d* 1330 (1989),

[t]he Graves Act was designed to deter all unlawful uses of firearms, and the potency of its deterrent value lies precisely in the certainty of enhanced punishment. To allow a defendant to escape the statutorily-required higher penalty because he or she has not yet been convicted, either because of strategic maneuvering by counsel or because of the vicissitudes of the court docket, would create for defendants a windfall not envisioned by the Legislature.

[*State v. Hawks, supra,* 114 *N.J.* at 366–67, 554 *A.2d* 1330.]

The statement is equally, if not more, true in this situation where the offense resulting in the second Graves Act conviction occurred after the first (but before the first conviction). However, the Legislature also enacted *N.J.S.A.* 2C:44–4b which provides:

> Prior conviction of a crime. An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a prior conviction, although sentence or the execution thereof was suspended, *provided that the time to appeal has expired* and that the defendant was not pardoned on the ground of innocence. (Emphasis added.)

Hence, while the sequence of crimes and convictions appears irrelevant, the Legislature has provided that a timely appeal must be decided in order to have a "prior conviction." *See State v. Biegenwald,* 96 *N.J.* 630, 636, 477 *A.*2d 318, *clarified by* 97 *N.J.* 666, 483 *A.*2d 184 (1984); *State v. Bey,* 96 *N.J.* 625, 628–29, 477 *A.*2d 315, *clarified by* 97 *N.J.* 666,ʿ 483 *A.*2d 185 (1984); *but see State v. Hawks, supra,* 114 *N.J.* at 364, 554 *A.*2d 1330 (noting the distinction between capital and mandatory sentence statutes); *see also State v. Mangrella,* 214 *N.J.Super.* 437, 445, 519 *A.*2d 926 (App.Div.1986), *certif. denied* 107 *N.J.* 127, 526 *A.*2d 194 (1987). I find no authority for the proposition that a sentence can be increased after (and because of an) affirmance, or that the provisions of *N.J.S.A.* 2C:44–4 can be ignored and an extended term imposed subject to a subsequent decrease if there is a reversal of a pending appeal.

Because I agree with the majority that the application of *N.J.S.A.* 2C:44–4b in this setting is inconsistent with Graves Act policy, I have considered suggesting the withholding of sentence on a second Graves Act conviction until after direct appeal of the first has been completed, but that may provide inordinate delay or otherwise embody scheduling problems. As the Supreme Court stated in *Hawks:*

> When the potential for results that may be grossly unfair are foreseen as the offenses make their way through the court system, defense counsel and the prosecution are at liberty to call that circumstance to the attention of the criminal assignment judge, to the end that where possible, the flow of the cases can be managed to avoid any manifest unfairness that might otherwise be produced as an accident of calendaring. When the time for the second sentencing proceeding arrives, it is too late to address the problem. To the extent that bizarre results cannot be avoided, that is a function of the legislation as we understand it. [*State v. Hawks, supra,* 114 *N.J.* at 367, 554 *A.*2d 1330.]

*N.J.S.A.* 2C:44–4 is derived from the Model Penal Code, section 7.05. *See* I, *Final Report of the New Jersey Criminal Law Revision Commission, the New Jersey Penal Code* (1987) at 156.

It appears that the drafters of the Model Penal Code may have presumed that the appellate process in the norm would be completed much faster than modern reality has been able to accomplish, but the statute remains on the books, without any question addressed to its application in this setting. I believe that the issue should be addressed by the Legislature and until *N.J.S.A.* 2C:44–4b is amended, we cannot consider a prior judgment as a "conviction" for purposes of mandatory enhanced sentencing under the Graves Act if there is a timely appeal pending. I read *N.J.S.A.* 2C:44–4b as embodying a policy decision of the Legislature that a judgment from which that appeal is taken cannot constitute a "conviction" until the direct appellate process is completed. It is not for us to negate that legislative decision even though we may find it to be inconsistent with other legislative policy or our own views of fundamental justice.

I would hold that there should be no delay in sentence scheduling because of the issues projected by the pending appeal. Nor do I believe that sentences should be conditional or subject to increase or decrease as a result of affirmance or reversal of an appeal pending at the time of sentencing. *Rule* 3:21–10 does not contemplate such resentencing, and the legality of a sentence must be considered as of the date of sentencing.[1] Here our colleagues did that originally. We did not affirm the sentence initially imposed on the basis that we had affirmed the prior conviction (perhaps because there was still the possibility of certification). Rather we remanded for resentencing because an illegal sentence had been imposed. We now state, somewhat inconsistently, that because we affirmed the first conviction the day before we remanded this case for resentencing, the only legal sentence following the denial of certification was a mandatory extended term. Put bluntly, defendant prevailed on his appeal challenging an illegal sentence only to now be told that the only legal sentence was the very one he successfully challenged.

---

[1] I am not addressing the appeal raising an excessive sentence claim where an aggravating factor is premised on a conviction later reversed.

The real issue before us, as I see it, is whether the imposition of an extended term in these circumstances violates defendant's due process or double jeopardy rights. I concur in the judgment only because I conclude it does not under these circumstances. It is well established that the imposition of an increased sentence on remand after a defendant's successful appeal does not violate due process or double jeopardy protections if there are new factors and articulated reasons justifying such action. *See Alabama v. Smith*, 490 *U.S.* 794, 109 *S.Ct.* 2201, 104 *L.Ed.*2d 865 (1989) (guilty plea set aside); *Wasman v. United States*, 468 *U.S.* 559, 104 *S.Ct.* 3217, 82 *L.Ed.*2d 424 (1984) (intervening conviction for another offense); *North Carolina v. Pearce*, 395 *U.S.* 711, 89 *S.Ct.* 2072, 23 *L.Ed.*2d 656 (1969). *See also State v. Rodriguez*, 97 *N.J.* 263, 478 *A.*2d 408 (1984). This is not a case in which the only issue on the original appeal related to the legality of sentence. If defendant's initial appeal dealt only with an issue of sentencing, and he prevailed thereon, the increased sentence on remand might well be barred, at least as a matter of state law. *See e.g., State v. Rodriguez, supra*, 97 *N.J.* at 269, 478 *A.*2d 408; *State v. Ryan*, 86 *N.J.* 1, 13–14, 429 *A.*2d 332, *cert. denied* 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981). *Cf. State v. Vasquez*, 129 *N.J.* 189, 609 *A.*2d 29 (1992) (mandatory ineligibility term not required on resentencing after prosecutor's waiver and subsequent violation of probation); *State v. Baylass*, 114 *N.J.* 169, 553 *A.*2d 326 (1989) (post sentencing events could not be considered as aggravating factors on violation of probation); *State v. DeBonis*, 58 *N.J.* 182, 276 *A.*2d 137 (1971) (sentence increase not permissible after trial *de novo* on municipal appeal). But here the initial appeal challenged the conviction itself following trial, and by taking the appeal defendant had no expectation of finality. *State v. Rodriguez, supra*, 97 *N.J.* at 271, 478 *A.*2d 408 ("Since the underlying substantive convictions in this case were themselves the subject of attack on an appeal in which defendant sought their modification, no legitimate expectation of finality could be invested in the underlying convictions or the sentences related to them"), citing *United States v. DiFrancesco*, 449 *U.S.* 117, 101 *S.Ct.* 426, 66

*L.Ed.*2d 328 (1980) (upholding the right of the government to appeal a sentence); *State v. Baker,* 270 *N.J.Super.* 55, 636 *A.*2d 553 (App.Div.1994) (illegal sentence can be corrected after partial execution, even when detected only as a result of defendant's appeal and results in sentence increase).[2]

As defendant challenged the conviction itself on direct appeal, and as the sentence ultimately imposed on remand here embodied a mandatory extended term, the only type of sentence which could have lawfully been imposed once defendant's prior Graves Act conviction was affirmed and his petition for certification was denied, I find no constitutional impediment to the sentence which gives rise to this appeal and vote to affirm the judgment on that limited basis.

---

2 Defendant makes no constitutional argument before us and does not contend that because his conviction was not reversed on the direct appeal, the rule of *North Carolina v. Pearce* is not applicable. *But cf. State v. Baker, supra,* 270 *N.J.Super.* at 82, 636 *A.*2d 553 (Kestin, J.A.D. dissenting on "fundamental fairness" grounds). This case is analogous to *Baker* except that there the initial sentence was "illegal" at the time of imposition whereas here the original illegality was dispelled by the subsequent affirmance of the first conviction, in effect changing an initially illegal sentence into a legal sentence.